## William Steele & Sons Co. v. Dairy Maid Confection Co.

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.

*G. T. Steeley,* for defendant.

MARTIN, P. J., June 7, 1929.—Plaintiff agreed to prepare plans and specifications for a building to be erected by defendant, the plans and specifications to be submitted to defendant for approval, and, when approved by him, plaintiff was to procure estimates. If defendant decided to abandon the construction of the building after the plans and specifications were prepared and

approved and estimates procured by plaintiff, it was agreed that defendant would pay plaintiff 5 per cent. on the total of the estimates submitted.

Defendant abandoned the project of erecting the building. Plaintiff demanded the commission. When defendant failed to pay, this suit was instituted.

A statement of claim was filed, to which was attached a copy of the written agreement.

It was averred in the statement of claim that plaintiff prepared a complete set of plans and specifications, procured competitive estimates for the work to be performed, amounting to $83,754, which were submitted to defendant, and, at his request, plaintiff procured a check-up on the contracts figured by reliable general contractors that proved the figures submitted by plaintiff were fair and reasonable; that defendant informed plaintiff the price was more than he wished to spend, and inquired whether the cost could not be reduced by designing a less expensive type of structure; in accordance with which request plaintiff designed another building and revised the estimates, reducing the cost to $57,000, which, when submitted to defendant, he "orally advised" plaintiff that he had concluded to do nothing and determined not to proceed with the matter further.

Plaintiff claims $4187.70, being 5 per cent. of the estimates submitted to defendant.

An affidavit of defense was filed, averring that the statement of claim is insufficient; that it is vague and indefinite; that it does not allege that the plans and specifications were delivered to defendant and approved by him, or that they were completed and approved by defendant before plaintiff procured the estimates; that the statement fails to allege a valid verbal agreement to revise the plans and specifications, or that the revised plans and specifications were completed by plaintiff and accepted by defendant; that there is no averment of an agreement to compensate plaintiff for the plans and specifications prepared under the oral contract; that the claim should have been based upon $57,000, instead of $83,754; and, generally, that the statement of claim does not set up a legal cause of action.

After the plans and specification were completed and approved by defendant, plaintiff was to procure competitive estimates and the lowest responsible bids, together with the estimates for the work to be done by plaintiff, were to be submitted to defendant as a total lump sum contract figure; and upon completion of the plans and specifications, and after the submission of the contract figures to defendant, if defendant desired, plaintiff was to procure a complete check-up on the contract figures from a reliable general contractor, and if the checked figures were lower than the contract prices submitted, plaintiff was to be compensated by 5 per cent. commission on the lower figures.

There was no provision in the agreement requiring plaintiff to deliver to defendant the plans and specifications, but they were to be approved by him, and after the plans and specifications had been approved, the plaintiff was to procure the competitive estimates.

It is averred in the statement of claim that when the estimates were submitted, defendant orally "advised" a representative of plaintiff that the price was more than he wished to spend, and "inquired" as to whether the cost could be reduced by designing a less expensive type of structure; and that, in accordance with "that request," plaintiff designed another building and revised the estimate to cost about $57,000; and when submitted to defendant, he orally "advised" plaintiff he had concluded to do nothing at that time and determined not to proceed with the matter further.

The agreement to pay plaintiff 5 per cent. commission on the estimates submitted to defendant if the project was abandoned was not superseded by the preparation of the second set of plans. Neither set of plans was accepted by defendant. After the plans and specifications had been completed and approved by defendant, plaintiff was to procure competitive estimates and submit them to defendant "as a total lump sum contract figure."

It is not alleged that the estimates were procured after the plans and specifications had been approved by defendant. The payment to plaintiff of a 5 per cent. commission on the total amount of the estimates submitted related to estimates procured after plans and specifications had been approved by defendant. The estimates obtained by plaintiff were not upon plans approved by defendant. Plaintiff failed to comply with the terms of the contract. The statement of claim does not set out a legal cause of action that entitles plaintiff to a commission based upon the estimates he obtained.

And now, to wit, June 7, 1929, the affidavit of defense raising questions of law is sustained. Plaintiff is granted leave to file an amended statement of claim within fifteen days.